Kirkpatrick C. J.
Rachel Hatcher, the plaintiff below, had placed her son William Hatcher, an apprentice to William Stokes, the defendant, to learn the trade of a *94 wheelwright. The indenture of apprenticeship, is between plaintiff and defendant alone, the boy being no party thereto, but in other respects, is pretty much in the usual form; and particularly it contains covenants, that the said defendant shall use his utmost endeavours to teach the apprentice the trade of a wheelwright; that he shall find him meat, drink, and apparel, and also washing and lodging fitting for his station; and give him one year’s schooling, that is to say, three months before he is fourteen, and the other nine ^months, towards the close of his apprenticeship. For the non-performance of these covenants, this action is brought, and there is a verdict and judgment for the plaintiff for 66 dollars, 25 cents, with costs.
The term of apprenticeship, was for 11 years, 11 months, and 27 days, from the 15th of April, 1807, so that^it had not expired at the commencement of this action, nor has it yet expired.
The only reason urged against the judgment, is that no action will lie until the term of apprenticeship is expired, or is otherwise terminated by some judicatory having competent authority for that purpose ; for it is said that the defendant may yet teach the apprentice the trade, so as to make him complete master thereof; and that as to the meat, drink and apparel, if these were wúthholden, there ought to have been an application to the justices to discharge him first; for if this were allowed, an action might be brought every week during the term, which would be too vexatious, and cannot be law.
But it would be hard indeed, if an apprentice were to go without his meat, until the termination of an apprenticeship like this.
It is of the nature of all covenants, that as soon as they are broken, an action will lie, and so toties quoties for every breach. To keep the boy employed in other business than that of a wheelwright, as -was alleged in this case, would not be using his utmost endeavours to teach him that trade, and therefore would be a breach; so not to furnish him with food,. &c.; and these breaches would afford good ground of action. It would be so, especially in this case, because the boy being no party to the indenture, it is not strictly speaking, an indenture of appren *95 ticeship, and therefore could not be vacated nor set aside, nor the boy be discharged by the justices in the manner. The mother, therefore had this remedy by action, and this only.
Besides, it appears from the return of the justice, to have been in evidence, that the defendant had quit the trade of a wheelwright, and had requested the plaintiff to take away her son, and that she had actually done so, before action was brought, thereby by mutual consent, discharging the boy, and terminating the apprenticeship. And if this was so found by the jury, the force of the objection, even if it had any thing in it, is wholly taken away.
Rossell J. was in favour of affirming the judgment.
*Sottthakd J.
Rachel Hatcher, by writing under seal, put her son, William Hatcher, with William Stokes, to learn the wheelwright's trade. Before the time of service expired, she brought this suit against him, alleging that he had violated the agreement in several respects, and in her state of demand, pointing out the alleged violations. She recovered a judgment for 66 dollars, 25 cents. Stokes claims a reversal of the judgment, on the ground, that the time had not expired, and that he might yet perform his agreement; and that no suit would lie against him, until the indenture was at an end.
How far, in ordinary cases, his pretence may be right as to some of the complaints against him, viz. not teaching the boy the trade, or schooling him, we will not now inquire. Time enough, may yet have to elapse, to enable him to discharge his duty in these respects; but the plaintiff alleges, that in the time passed, before the bringing of the suit, he had not used his endeavours to teach him the trade, nor procured, nor provided for him, sufficient meat, drink, apparel, lodging, and washing fitting for an apprentice. These are omissions and neglects, which are passed, and are not to be remedied. The future, cannot satisfy the past, in these respects: and therefore, the plaintiff, was for them, entitled to maintain her action, unless something be found in the indenture to prohibit it.
*96 Upon looking into the indenture, we find that it is void, far as i elates to the boy: he never signed it, or assented t0 n (a). At most, it can only avail, as an agreement under seal, between the parties; though I am not altogether satisfied that it is, even that far, valid. But if it is valid; though it may authorize a recovery for part of the breaches, it will not authorize a recovery for the whole, under this state of demand. It no where alleges that the agreement has ceased to operate between them ; it'does not state that Stokes has either declared that he will not perform, or that by any act of his, he has put it out of his power to comply with it, for the time yet to come. We must, therefore, on this case as it appears, consider the agreement as still in force, and the parties as able to comply with it; except so far as it has heretofore been violated.
This being the case, I believe that a recovery may well be had under it, for some of the breaches assigned. Like every other covenant, an action will lie when it is broken. So far, therefore, as relates to a failure in the time past, in finding cloth*ing, &c.; had the state of demand claimed only for that, the recovery would have been right, and the judgment supported. But the state of demand claims damages for one or two breaches, for which he could not properly have been yet responsible. I instance the schooling. Stokes was to give a year’s schooling; nine months of which was to be in the latter part of the term of service ; that latter part, has not yet arrived.
We cannot tell on which breaches the recovery has been had, and as it was probably upon all, I think there ought to he a reversal. (b)
Judgment affirmed.

 Ivins vs. Nocross, Pen. *977. Lyons vs. Whitmore, Pen. *845. Fisher vs. Lunger, 4 Vr. 100. Kingwood vs. Bethlehem, 1 Gr. 222.

 See Stout vs. Stevenson, post 182.